UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LIONEL VARNES,

                  Petitioner,              Case Number: 2:18-CV-12395
                                             HONORABLE NANCY G. EDMUNDS

v.

NOAH NAGY,

                  Respondent.
                                             /

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Petitioner Lionel Varnes, currently in the custody of the Michigan Department of

Corrections, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He

challenges his convictions for second-degree murder, Mich. Comp. Laws § 750.317, and

felony firearm, Mich. Comp. Laws § 750.227b, for which he is serving consecutive

sentences of 15 to 30 years' and two years' imprisonment.  He raises four claims for

relief.  For the reasons explained below, the Court denies the petition.

### I.  Background

Petitioner's convictions arise from the shooting death of Martinez Bowers.  On

June 3, 2013, Petitioner met with Bowers in Detroit because he was interested in

purchasing a firearm from Bowers. (ECF No. 8-6, PageID.243.)  Petitioner called his co-

defendant Ladarren Pharr and the two men decided that they would rob Bowers.  (*Id.*)

Pharr came to the meeting spot and the men robbed Bowers.  (*Id.* at 243-44.)  During the

course of the robbery, Pharr shot Bowers, killing him.  (*Id.* at 244.)  Petitioner and Pharr

left the scene of the shooting together and Petitioner assisted Pharr in disposing of the

weapon.  (*Id.*)

Petitioner was charged in Wayne County Circuit Court with felony-murder, armed

robbery, and felony firearm.  On April 25, 2014, Petitioner pleaded guilty to the reduced

charge of second-degree murder and to possession of a firearm during the commission of

a felony pursuant to a plea agreement, which included a sentencing agreement of 15 to 30

years for the murder conviction and the mandatory two year sentence for the felony-

firearm conviction.  The prosecutor also dismissed the armed robbery charge.  On May

15, 2014, Petitioner was sentenced in accordance with the plea agreement.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of

Appeals arguing that he was coerced into accepting the guilty plea, the sentence was

based upon inaccurate information and defense counsel was ineffective for failing to

challenge the scoring.  The Michigan Court of Appeals denied leave to appeal "for lack of

merit in the grounds presented."  *People v. Varnes,* No. 325253 (Mich. Ct. App. June 22,

2015) (ECF No. 8-9.)  The Michigan Supreme Court also denied leave to appeal.  *People

v. Varnes*, 498 Mich. 951 (2015).

Petitioner then filed a motion for relief from judgment in the trial court raising two

claims: the trial court improperly used a Kentucky felony conviction to increase his

sentencing guidelines and the trial court incorrectly scored offense variable 4.  The trial

court denied the motion for relief from judgment.  *People v. Varnes*, No. 13-009161

(Wayne County Cir. Ct. July 31, 2017) (ECF No. 8-11, PageID.383-89).  The Michigan

Court of Appeals and Michigan Supreme Court denied Petitioner leave to appeal.  *People*

*v. Varnes,* No. 340222 (Mich. Ct. App. Nov. 2, 2017) (ECF No. 8-11, PageID.359.);

*People v. Varnes*, 502 Mich. 902 (2018).

Petitioner then filed this habeas petition.  He raises these claims:

I.      Petitioner's state and federal constitutional rights were
       violated when he was coerced into taking a plea because his
       attorney was not acting in his best interest and told him that if
       he did not plead he would lose at trial and his attorney was
       ineffective.

II.     Appellate counsel was ineffective where the defendant
       instructed counsel to secure proof that there was no felony
       conviction in Kentucky to support an elevated PRV level in
       defendant's sentencing guidelines. [D]efense counsel was
       ineffective for failing to object to appellant's invalid sentence.

III.    The scoring of offense variable (OV) 4 at 10 points is not
       sufficiently supported by a finding by a jury or admitted by
       defendant in accordance with the recent *Lockridge* decision
       and the changes to properly scored OV's are incorrect.

IV.     Petitioner submits ineffective assistance of appellate counsel
       demonstrates good cause and prejudice for failing to bring
       issues II & III on his first tier appeal.

Respondent has filed an answer in opposition and the relevant state court records

and transcripts.  Petitioner has filed a reply brief.

## II.  Standard of Review

A state prisoner is entitled to a writ of habeas corpus only if he can show that the

state court's adjudication of his claims –

3

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2+254(d).

The focus of this standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Additionally, a state court's factual determinations are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1), and review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III.  Discussion

### A.Voluntariness of Plea

In his first claim, Petitioner argues that his plea was involuntary because his attorney incorrectly assessed the strength of the prosecution's case.

To be valid, a guilty plea must be voluntarily and intelligently made. *Brady v. U.S.*, 397 U.S. 742, 748-49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. The voluntariness of a

plea "can be determined only by considering all of the relevant circumstances surrounding it."  *Id.* at 749.  A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent.  *Id.* at 755, 757.  "[T]he decision whether or not to plead guilty ultimately rests with the client."  *Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002).

Petitioner sent a letter to the trial court prior to sentencing asking to withdraw his plea.  On May 15, 2014, the trial court denied the request finding that the interests of justice did not require withdrawal of the plea:

> [L]awyers are always going to give you their opinion.  I mean, it's their job to give you their opinion as to how they view the evidence, and how they view the merits of the case.  What they think possible defenses might be, and what they think the potential outcome might be.  That's their job.  So when a lawyer tells you, for example; that they don't think you have [a] very good chance at winning a trial, that's their job.

5/15/14 Tr. at 11-12 (ECF No. 8-7, PageID.250-260).

Petitioner filed another motion to withdraw his plea which the trial court denied following a hearing because defense counsel fulfilled his obligation to advise Petitioner that counsel believed the defense was weak.  *See* 12/12/14 Tr. at 8 (ECF No. 8-8, PageID.288).  The trial court further held:

> On the basis of the fact that Mr. Varnes was clearly asked by this Court whether he had been forced, threatened or coerced into pleading guilty and he indicated categorically that he had not at the time of the plea.  I do find that there's an insufficient basis ...to withdraw the plea.

5

(Id. at 8-9, PageID.288-289)

The state court's decision that Petitioner's plea was voluntary was not contrary to

or an unreasonable application of Supreme Court precedent.  Before accepting

Petitioner's plea, the trial court advised him of the rights he was giving up by pleading

guilty, advised him of the terms of the plea agreement, determined that no promises, other

than those encompassed in the plea agreement, had been made to Petitioner, and that no

one had threatened him to force him to enter the plea.  Petitioner represented that he

understood the terms of the plea agreement.  Petitioner is bound by the statements that he

made at the plea hearing, and his allegations cannot be given precedence over his

on-the-record sworn statements to the contrary.  *See Ramos v. Rogers*, 170 F.3d 560, 566

(6th Cir. 1999).  Further, counsel's reasoned assessment of the strength of the

prosecutor's case did not render the plea coerced.  Petitioner faced a mandatory non-

parolable life sentence if he was convicted of first-degree felony murder.  There is no

evidence that counsel strong-armed Petitioner or used coercive tactics to convince him to

enter a plea.  Petitioner has not demonstrated that counsel's assessment of the likelihood

of a first-degree murder conviction was unreasonable nor has he shown that the state

court's holding that the plea was voluntarily made was contrary to, or an unreasonable

application of, Supreme Court precedent.  The Court, therefore, denies this claim.

### B.  Sentencing-Related Claims

Petitioner's next three claims concern sentencing issues.  First, Plaintiff argues that

his appellate attorney was ineffective in failing to obtain evidence that he did not have a

prior felony conviction in Kentucky and in failing to argue that his prior record variables were, therefore, incorrectly scored. Second, he challenges the scoring of offense variable 4 and counsel's failure to object to the scoring. Finally, Petitioner argues that appellate counsel was ineffective for failing to raise these claims on direct appeal.

Petitioner pleaded guilty pursuant to a plea agreement that provided he receive a 15-year minimum sentence. He received the agreed upon sentence. Petitioner's sentence, therefore, was not based upon the scoring of the sentencing guidelines. It was instead determined by the sentence agreement. So even if offense variable 4 and the prior record variables were incorrectly scored, Petitioner is not entitled to habeas relief because his sentence was not impacted. *Davis v. Winn*, No. 1:17-CV-621, 2018 WL 2996946, at *7 (W.D. Mich. June 15, 2018) (holding that petitioner "waived his objection to the court's scoring of the guidelines by agreeing that a specific sentence of 16 years was acceptable, without reference to the guidelines"). Further, Petitioner's claim that the trial court improperly relied on judge-found facts in scoring offense variable 4 fails to state a claim because his sentence was based upon the plea agreement, not the sentencing guidelines. *See Williams v. Nagy*, No. 2:17-CV-12496, 2019 WL 5788596, at *5 (E.D. Mich. Nov. 6, 2019) (where a petitioner is sentenced based upon the sentence set forth in a plea agreement, the sentence arises from the plea agreement and not from any facts found by the trial court); *Berry v. Nagy*, No. 1:19-CV-381, 2019 WL 3162376, at *8 (W.D. Mich. July 16, 2019) ("Where a defendant agrees to a particular sentence, the sentence is no longer a product of the guidelines.").

Because Petitioner's sentencing-related claims lack merit, Petitioner cannot establish that his appellate attorney was ineffective for failing to raise these claims on direct review.  *See Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999) ("[T]here can be no constitutional deficiency in appellate counsel's failure to raise meritless issues.").  The Court denies these claims.

## IV.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253.  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).  In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted.  Therefore, the Court will deny a certificate of appealability.

## V.  Conclusion

The petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

   **SO ORDERED**.

8

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, by electronic and/or ordinary mail.

L. Bartlett
Case Manager